S:\02cv1791-attyfee-ord.wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| **AMERICAN FAMILY LIFE INSURANCE COMPANY,** Plaintiffs | : : : : : | Case No. 1:02-CV-1791 |
| v. | : : | JUDGE O'MALLEY |
| **TIMOTHY HAGAN , et al,** Defendants. | : : : : : | **MEMORANDUM AND ORDER** |

Plaintiff American Family Life Assurance Company of Columbus ("AFLAC") brought this action against two defendants: (1) Timothy Hagan, who was then a candidate for Governor of the State of Ohio, and (2) the Tim Hagan for Governor Campaign (collectively, "Hagan"). AFLAC contended that Hagan, in his political commercials, used AFLAC's intellectual property without permission. In its amended complaint, AFLAC stated claims for: (1) trademark and service mark dilution, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c); (2) copyright infringement, in violation of the Copyright Act of 1976, 17 U.S.C. §101 et seq.; (3) trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1); (4) false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (5) unfair competition, in violation of Ohio common law; and (6) trademark and service mark dilution, in violation of Ohio common law. Hagan responded with counterclaims asserting that AFLAC's

service marks, trademarks, and copyrights should all be declared invalid because they are generic and/or unregisterable.

On September 11, 2002, AFLAC filed a motion for temporary restraining order ("TRO"), asking the Court to enjoin, inter alia, further broadcast of the political commercials. The Court held a hearing on September 18, 2002 and issued an oral ruling from the bench, denying the motion for TRO. Subsequently, on October 25, 2002, after an additional hearing, the Court denied AFLAC's motion for preliminary injunction. The Court then set the matter down for trial. Before trial occurred, however, the Supreme Court issued Moseley v. V Secret Catalogue, Inc., 537 U.S. 418 (2003), reversing the primary Sixth Circuit decision upon which AFLAC was relying to support its trademark dilution claims. Shortly thereafter, the parties filed a joint motion to dismiss.

Currently pending is a motion by the defendants for attorney fees (docket no. 42). The defendants cite 15 U.S.C. §1117(a) and 17 U.S.C. §505 as authority for the proposition that they may recover attorney fees, and argue that the circumstances of this case make an award appropriate.

For the reasons stated in AFLAC's brief in opposition, however, the Court disagrees. As AFLAC notes, this case was one of first impression, and AFLAC's interpretation of the "non-commercial use exemption" of the Federal Trademark Dilution Act was in no way frivolous. In addition, while the Court refused to enter the preliminary injunctive relief plaintiff requested, the Court consistently noted that plaintiff's concern about the potential economic impact of defendants' advertisements were well-founded. Finally, again as AFLAC argues, the legal landscape changed during the pendency of the case, and AFLAC quickly responded to that change. Ultimately, the Court concludes there was not even a hint of bad faith in the

prosecution of this action. After careful consideration of defendants' request, accordingly, the Court exercises its discretion to conclude that the motion for attorney fees must be **DENIED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**
